**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| LAVAR THOMAS, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | No. 1:06-737-SEB-JMS |
| ) | |
| STANLEY KNIGHT, ) | |
| ) | |
| Respondent. ) | |

### Entry Discussing Petition for Writ of Habeas Corpus

In a prison disciplinary proceeding identified as No. ISR 05-12-0234, Lavar Thomas was found guilty of violating prison rules through his possession introduction or use of any unauthorized substance. The evidence supporting this determination was that a laboratory analysis of a urine specimen collected from Thomas on December 15, 2005, showed the presence of the active ingredient for marijuana.

Contending that the proceeding is tainted by constitutional error, Thomas seeks a writ of habeas corpus. Because the court finds, however, that there was no error of that nature, Thomas' habeas petition must be **denied.** This conclusion rests on the following facts and circumstances:

1.  Thomas is entitled to a writ of habeas corpus if he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Indiana law, state prison inmates have a protected liberty interest in earned good-time credits and in credit-earning class, IND. CODE §§ 35-50-6-4, 35-50-6-5 (2000), and the state may not deprive inmates of good-time credits without following constitutionally adequate procedures to insure that the credits are not arbitrarily rescinded. *Meeks v. McBride,* 81 F.3d 717, 719 (7th Cir. 1996) (citing *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974)). In these circumstances, Thomas was entitled to the following process before being deprived of his liberty interests: (1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision-maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

      2.    Under *Wolff* and *Hill,* Thomas received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Thomas was given the opportunity to appear before the conduct board and make a statement concerning the charge, (2) the conduct board issued a sufficient statement of his findings, and (3) the conduct board issued a written reason for its decision and for the sanctions imposed.

      3.    "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Thomas to the relief he seeks. His arguments that he was denied the protections afforded by *Wolff* and *Hill* are either refuted by the expanded record or based on assertions which do not entitle him to relief. This includes his claims that there were irregularities in the proceedings relative to prison regulations and policies (because such irregularities do not support a cognizable claim for relief under § 2254(a)), he did not receive adequate advance notice of the hearing on the charge he faced, that there was insufficient evidence concerning the chain of custody of the urine specimen he had provided, and that his sentence was excessive. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

      **IT IS SO ORDERED**.

Date: 02/14/2007

*[signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE  
United States District Court  
Southern District of Indiana